

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Max W. Boyer
County Attorney
Ochiltree County
Perryton, Texas

Dear Sir:

Opinion No. 0-6719
Re: Under the provisions of
Art. 3933, V. A. C. S.,
is the sheriff entitled
to one-half of the commis-
sion or rates set forth
therein, where he collects
the amount of the execution
and court costs without
making levy upon any specific
property?

Your request for an opinion on the above matter
reads as follows:

"I submit to you for official ruling
thereon the following question:

"Construing Article 3933, Vernon's Anno-
tated Civil Statutes, with reference to Sheriff's
fees for collecting money on an execution or an
Order of sale, is the Sheriff permitted to one-
half of the commission or rates set forth therein
where he collects the amount of the execution and
court costs without making levy upon any specific
property?

"I have taken the view that he is only
entitled to regular fees such as mileage and serving
the execution where he presents same to the defendant
and the defendant pays the full amount without per-
mitting any property to be levied on.

"I shall appreciate an opinion which will
clarify this Statute for me."

Honorable Max W. Boyer, page 2

Article 3933, Vernon's Annotated Civil Statutes, reads as follows:

"Sheriffs and Constables shall receive the following fees:

Serving each original citation in a civil suit . . $1.00
Summoning each witness . . . . . . . . . . . . . . $ .50
Levying and returning each writ of attachment
  or sequestration . . . . . . . . . . . . . . . $2.00
Copy of attachment writ and return for recording . $1.00
Levying each execution . . . . . . . . . . . . . . $1.00
Return of execution . . . . . . . . . . . . . . . $1.00
Serving each writ of garnishment or other
  process not otherwise provided for . . . . . . . $1.00
Serving each writ of injunction . . . . . . . . . $1.50
Taking and approving each bond, and returning
  same to the proper Court when necessary . . . . $1.00
Endorsing the forfeiture of any bond required
  to be endorsed by him . . . . . . . . . . . . . $ .50
Executing and returning each writ of possession
  or restitution . . . . . . . . . . . . . . . . $3.00
Posting the advertisements for sale under the
  execution or any order of sale. . . . . . . . . $1.00
Posting any other notices required by law and
  not otherwise provided for. . . . . . . . . . . $1.00
Executing a deed to each purchaser of real
  estate under execution or order of sale . . . . $2.00

Executing a bill of sale to each purchaser
  of personal property under an execution or
  order of sale, when demanded by purchaser . . . $2.00
For each case tried in the District or County
  Court, a jury fee shall be taxed for the
  sheriff of . . . . . . . . . . . . . . . . . . $ .50
For services in designating a homestead . . . . . $2.00

"For traveling in the service of any civil process, Sheriffs and Constables shall receive seven and one-half (7½) cents for each mile going and coming; if two or more persons are mentioned in the writ, he shall charge for the distance actually and necessarily traveled in the service of same.

"Collecting money on an execution or an order of sale, when the same is made by a sale, for the first One Hundred

Honorable Max W. Boyer,    page 4

to tax said commission as costs in the original suit. From an order of the court granting said motion and adjudging appellant liable for said commission, this appeal is prosecuted.

"Article 2460 of the Revised Statutes of 1895 provides as follows: 'Sheriffs shall receive the following fees: * * * Collecting money on an execution or order of sale, when the same is made by a sale, for the first one hundred dollars or less, four per cent; for the second one hundred dollars, three per cent; for all sums over two hundred dollars, two per cent. When the money is collected by the sheriff without a sale, one-half of the above rates shall be allowed him.' The act of 1897 (Sp. Laws 1897, c.5) changes the amount of commissions allowed sheriffs for collecting money on an order of sale when a sale is made, but makes no change in the former law as to the commissions allowed when the money is collected without sale.

"We think it clear, under the provisions of the statute before quoted, that appellee Thornton was not entitled to a commission upon the money paid to appellant by Broocks. He was only allowed a commission upon money collected by him. The statute fixes the fees allowed the officer for services in the execution of the writ prior to the sale, and if the sale is not made and the money due on the judgment is not collected by him, he is entitled to no commission."

Applying the rule of law there laid down, the officer can be allowed a commission only upon money actually collected by him. The statute fixes the fees allowed the officer for services in the execution of a writ prior to the sale. The facts submitted by you show that an execution had been placed in the hands of the sheriff and that he had actually collected the amount of the execution and court costs without making levy upon any specific property. It is our opinion, therefore, that he is entitled to one-half of the commissions allowed by said Article 3933 under the provision authorizing such commissions when money is collected without a sale. Said statute provides a specific fee for levying an execution, but it does not require that a levy shall be made on specific property under an execution

Honorable Max W. Boyer,    page 3

Dollars ($100) or less, four (4) per cent; for the
second One Hundred Dollars ($100), three (3) per
cent; for all sums over Two Hundred Dollars ($200)
and not exceeding One Thousand Dollars ($1000), two (2)
per cent; for all sums over One Thousand Dollars ($1000)
and not exceeding Five Thousand Dollars ($5000), one (1)
per cent; for all sums over Five Thousand Dollars($5000),
one-half of one per cent.

"When the money is collected by the Sheriff or Constable
without a sale, one-half of the above rates shall be al-
lowed him.

"For every day the Sheriff or his deputy shall attend
the District or County Court, he shall receive Four
Dollars ($4) a day to be paid by the county for each day
that the Sheriff by himself or a deputy shall attend said
Court."

In the case of Lee vs. Broocks, et al, 131 S. W. 1195, the
court had under consideration whether or not an officer was enti-
tled to commissions where an execution had been placed in his hands,
he had levied upon certain property and advertised it for sale, and
in the meantime the defendant in the execution had paid the amount
of said judgment to the plaintiff.  In holding that said officer
was not entitled to the commissions provided for by Article 2460
of the Civil Statutes, which is now said Article 3933, the court
held as follows:

"Appellant having recovered a judgment in the
court below against appellee Broocks for the sum of
$17,316.88, with foreclosure of a vendor's lien upon
a survey of land in Liberty County, procured the
issuance of an order of sale upon said judgment on
June 5, 1909, and the same was placed in the hands
of appellee J. R. Thornton, constable of precinct
No. 1 of said county, for execution.  Thornton levied
upon the land and advertised it to be sold on July 6,
1909.  On June 24, 1909, appellee Broocks paid the
amount of the judgment, interest, and costs of suit
to appellant Lee, who thereupon directed the order
of sale to be returned unexecuted.  Appellee Thornton
made the return as directed on June 29th and in said
return claimed, in addition to the fees allowed by law
for the levy, advertisement, and return, a commission
of $58.59, upon the amount collected by appellant in
satisfaction of the principal and interest due on said
judgment.  Upon the refusal of appellant to pay this
commission, Thornton filed in the court below a motion

Honorable Max W. Boyer,    page 5

before the sheriff is authorized to make collection of the amount
due, or before he is entitled to pay for collecting said amount.
That would be nothing more than taxing additional costs for ser-
vices that did not need to be performed, and clearly, the failure
to make the levy should not be construed to prevent the sheriff
from being paid for the services actually performed by him.

We trust that this satisfactorily answers your inquiry.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Jas. W. Bassett*

Jas. W. Bassett
Assistant

JWB:LJ

APPROVED JUL 31, 1945

Ois Been acting
Acting ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *JW73*
CHAIRMAN